MOUND COTTON WOLLAN & GREENGRASS
Costantino P. Suriano (CS-4061)
Frank J. DeAngelis (FD-9334)
One Battery Park Plaza
New York, New York 10004
212-804-4200
Attorneys for Defendant
Delhi Industries Inc.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN MOYNIHAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DELHI INDUSTRIES INC.,<br><br>　　　　　　Defendant. | Civil No. 07-CV-11498 (GBD)<br><br>**ANSWER AND AFFIRMATIVE<br>DEFENSES OF DEFENDANT** |

Defendant Delhi Industries, Inc. ("Delhi"), by its attorneys Mound Cotton Wollan & Greengrass, answers the Complaint upon information and belief as follows:

1. Delhi denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 and 8 of the Complaint.

2. Delhi denies the allegations contained in paragraphs 2 and 3 of the Complaint, except admits that it is a Canadian corporation with its principle place of business in Delhi, Ontario, Canada.

3. Delhi denies the allegations contained in paragraphs 4, 5, 6 and 7 of the Complaint, except admits that it manufactures certain utility blowers.

4. Delhi denies the allegations contained in paragraphs 9, 10, 11 and 12 of the Complaint.

## SECOND CAUSE OF ACTION

5. Delhi denies the allegations contained in paragraphs 13, 14, 15 and 16 of the Complaint.

## THIRD CAUSE OF ACTION

6. Delhi denies the allegations contained in paragraphs 17, 18, 19, 20, 21, 22 and 23 of the Complaint.

**WHEREFORE**, Delhi demands judgment in its favor dismissing the Complaint in its entirety, together with such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Delhi is not subject to personal jurisdiction in this Court based on Plaintiff's failure to comply with the Hague Convention. Delhi specifically reserves its right to file a motion to dismiss the Complaint based upon this defense pursuant to the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

3. By filing this Answer or any other pleading or any other legal document or by engaging in discovery or trial or in defending itself against allegations of the plaintiff Delhi does not intend to submit to the jurisdiction of this Court and is defending itself entirety without waiver of and/or prejudice to its position that it is not subject to the jurisdiction of this Court.

### FOURTH AFFIRMATIVE DEFENSE

4. Delhi denies that it breached any duty due and owing to plaintiff at the time and place set forth in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

5. The injuries and damages of plaintiff, if any, were proximately caused in whole or in part by the negligent acts or omissions of plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

6. The injuries and damages of plaintiff, if any, were caused in whole or in part by the negligent acts or omissions of third-parties over whom Delhi exercised no control and for whose conduct Delhi is not responsible.

### SEVENTH AFFIRMATIVE DEFENSE

7. Any loss, injury, or damage sustained by the plaintiff was due to his own contributory negligence.

### EIGHTH AFFIRMATIVE DEFENSE

8. The injuries and damages of plaintiff, if any, were proximately caused by plaintiff's voluntary exposure to a known hazard.

### NINTH AFFIRMATIVE DEFENSE

9. The injuries and damages of plaintiff, if any, are limited by the applicable laws of the State of New York.

### TENTH AFFIRMATIVE DEFENSE

10. Delhi did not breach any warranty, either express or implied.

### ELEVENTH AFFIRMATIVE DEFENSE

11. No defective product was manufactured by Delhi.

## TWELFTH AFFIRMATIVE DEFENSE

12. Any Delhi product was reasonably fit, suitable and safe for its intended purpose at the time it left the control of Delhi.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Any Delhi product was not defective at the time it left the control of Delhi.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. The alleged unsafe aspect of the "Ventilator" described in the Complaint is an inherent characteristic of the product which was known or should have been known to plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. The alleged harm was caused by an unavoidably unsafe aspect of the "Ventilator" and the "Ventilator" was accompanied by adequate warnings and/or instructions.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. The injuries and damages of plaintiff, if any, were proximately caused by unforeseeable misuse and/or unauthorized alteration of the "Ventilator" referenced in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. The injuries and damages of plaintiff, if any, were proximately caused by the actions or inactions of third parties, over whom Delhi exercised no control and for whose conduct Delhi is not responsible, that resulted in a failure to properly maintain the subject "Ventilator" referenced in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims against Delhi are barred by the statute of limitations.

### NINETEENTH AFFIRMATIVE DEFENSE

19. This court lacks personal jurisdiction over Delhi.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Delhi reserves its right to assert additional affirmative defenses herein.

Dated: New York, New York
January 3, 2008

                          MOUND, COTTON, WOLLAN & GREENGRASS
                          Attorneys for Defendant
                          Delhi Industries, Inc.


                          By____/s/ Costantino P. Suriano_____
                               Costantino P. Suriano (CS-4061)
                               Frank J. DeAngelis (FD-9334)

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NEW YORK )

I, Jennifer Chavez, being duly sworn, deposes and says:

That deponent is not a party to this action, is over the age of 18 years and resides in Brooklyn, New York.

That on the 3rd day of January, 2008, deponent served the within Answer and Affirmative Defenses upon:

Bauman Kunkis & Ocasio-Douglas, P.C.
Attorneys for Plaintiff
14 Penn Plaza, Suite 2208
New York, New York 10122

at the address(es) designated by said attorneys for that purpose by depositing the same in a postpaid properly addressed wrapper directed to said attorneys at the above address in an official depository under the exclusive care and custody of United States Postal Service within the State of New York.

Sworn to before me this
3rd day of January 2008.

_____
Notary Public
KEVIN J. BRACE
Notary Public, State of New York
No. 31-6018311
Qualified in New York County
Certificate Filed in New York County
Commission Expires Sept. 27, 20__09

_____
Jennifer Chavez