~~SUPREME COURT OF THE STATE OF NEW YORK~~ United States District Court
~~COUNTY OF NEW YORK~~ Southern District of New York
---------------------------------------X

JOHN MOYNIHAN

                         Plaintiff,

    -against-

DELHI INDUSTRIES INC.,

                        Defendant(s).

---------------------------------------X

Index No.: ~~111984/07~~ 07 CV 11498

AFFIDAVIT OF SERVICE

STATE OF NEW YORK, COUNTY OF NEW YORK ss.:

    WILLIE MACK, being duly sworn, deposes and says:

    I am over 18 years of age, I am not a party to the action, and I reside in ~~Kings~~ BRONX County in the State of New York.

    I served a true copy of the annexed Notice, Summons and Complaint on November 21, 2007 by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below by registered mail, return receipt requested:

TO:   DELHI INDUSTRIES INC.
      523 James Street
      Delhi, Ontario N4B 2Z3


_____
WILLIE MACK

Sworn to before me November 21, 2007

_____
Notary Public

ROGER M. KUNKIS
Notary Public, State of New York
No. 4954366
Qualified in New York County
Commission Expires August 7, 2009

# AMERICAN CLERICAL SERVICE

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

Index # 111984/07                                               Purchased/Filed: September 4, 2007

STATE OF NEW YORK          SUPREME COURT          NEW YORK COUNTY

---

John Moynihan                                                                   Plaintiff

against

Delhi Industries Inc.                                                          Defendant

---

STATE OF NEW YORK  } SS.:
COUNTY OF ALBANY

_____Jessica Miller_____, being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; that on  September 12, 2007 , at  2:00 pm , at the office of the Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Verified Complaint

on

_____Delhi Industries, Inc._____, the Defendant in this action, by delivering to and leaving with _____Charee Hendricks_____, AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York,  1  true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of  40  dollars; That said service was made pursuant to Section  307 Business Corporation Law .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Description of the person served: Approx. Age: __43__   Approx. Wt: __175__   Approx. Ht: __5'10"__
Color of skin: __Black__   Hair color: __Black__   Sex: __F__   Other: _____

Sworn to before me on this

14th day of _____September, 2007_____

DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4898570, Qualified in Albany County
Commission Expires June 15, 2011

Jessica Miller

Invoice•Work Order # SP0707662

**SERVICO. INC. - PO BOX 871 - ALBANY, NEW YORK 12201 - PH 518-463-4179**

*Stamps: NEW YORK COUNTY CLERK'S OFFICE SEP 24 2007 NOT COMPARED WITH COPY FILE*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------X
JOHN MOYNIHAN

                          Plaintiff,        Index No.:
                                      111984/07

      -against-                 NOTICE

DELHI INDUSTRIES INC.,

                        Defendant(s).

------------------------------------------X

S I R S :

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 307 of the Business Corporation Law of the State of New York, a copy of the summons and complaint in the above-entitled matter was served upon you by personally delivering a copy thereof on the 12th day of September, 2007, to the Office of the Secretary of the State in the City of Albany, New York, with a fee of $40.00.

      PLEASE TAKE FURTHER NOTICE, that we are sending you herewith, by registered mail, return receipt requested, a copy of the summons and complaint in this action.

Dated:  New York, New York
       November 21, 2007

                                      Yours, etc.,

                                      BAUMAN, KUNKIS & OCASIO-DOUGLAS, P.C.

                                      By:_____
                                         ROGER M. KUNKIS, ESQ.
                                   Attorneys for Plaintiff(s)
                                Office & P.O. Address
                                14 Penn Plaza, Suite 2208
                                New York, New York 10122
                                (212) 564-3555

TO:  DELHI INDUSTRIES INC.
     523 James Street
     Delhi, Ontario N4B 2Z3





Home | Help

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **RB47 5444 905U S**
Detailed Results:

- **Delivered Abroad, November 30, 2007, 9:28 am, CANADA**
- **At Foreign Delivery Unit, November 30, 2007, 8:01 am, CANADA**
- **Out of Foreign Customs, November 29, 2007, 5:51 pm, CANADA**
- **Into Foreign Customs, November 28, 2007, 6:27 pm, CANADA**
- **Arrived Abroad, November 28, 2007, 6:27 pm, CANADA**
- **Acceptance, November 21, 2007, 11:18 am, NEW YORK, NY 10199**

( < Back )  ( Return to USPS.com Home > )

Track & Confirm

Enter Label/Receipt Number.

## Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email. ( Go > )

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA    

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------X  Index No. 111984/07
                                              Date Filed 9/4/07
JOHN MOYNIHAN,                                Plaintiff designates
                                              New York County as the
                Plaintiff,                    place of trial.  The
                                              basis of the venue is
        -against-                             plaintiff's residence
                                              **SUMMONS**
DELHI INDUSTRIES INC.,                        Plaintiff resides at
                                              80 Central Park West
                Defendant.                    New York, New York
                                              County of New York
-------------------------------------------X

To the above named Defendant:

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
        August 28, 2007

                                BAUMAN, KUNKIS & OCASIO-DOUGLAS, P.C.

                                By: _____
                                    ROGER M. KUNKIS, ESQ.
                                Attorneys for Plaintiff
                                225 West 34th Street
                                New York, New York  10122
                                (212)564-3555

TO:     DELHI INDUSTRIES INC.
        523 James Street
        Delhi, Ontario N4B 2Z3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------X

JOHN MOYNIHAN,

                Plaintiff,

      -against-                    VERIFIED COMPLAINT

DELHI INDUSTRIES INC.,

                Defendant.

------------------------------------------X

      Plaintiff, complaining of the defendant by their attorneys BAUMAN, KUNKIS & OCASIO-DOUGLAS, P.C., respectfully show to the Court and allege:

      1.    That at all the times hereinafter mentioned, plaintiff was a resident of the County, City and State of New York.

      2.    Upon information and belief, that at all the times hereinafter mentioned, defendant was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

      3.    Upon information and belief, that at all the times hereinafter mentioned, defendant was a foreign corporation licensed to do business in the State of New York.

4. Upon information and belief, that at all the times hereinafter mentioned, defendant manufactured a certain Power Ventilator, Model Bl-24 CW BHD (hereinafter referred to as "Ventilator").

5. Upon information and belief, that at all the times hereinafter mentioned, defendant designed a certain Ventilator.

6. Upon information and belief, that at all the times hereinafter mentioned, defendant distributed a certain Ventilator.

7. Upon information and belief, that at all the times hereinafter mentioned, defendant sold a certain Ventilator.

8. That at all the times hereinafter mentioned, plaintiff JOHN MOYNIHAN is an employee of 80 Central Park West Apartments Corp.

9. That on the 7th day of March, 2006, at approximately 9:00 to 10:00 A.M., while plaintiff was lawfully in the course of his employment as the resident manager in the basement at 80 Central Park West, New York, New York, and while he was changing the belt, the Ventilator rotated backwards causing plaintiff's right index finger to become caught in the V-belt drive of the Ventilator causing plaintiff to sustain serious and permanent personal injuries as a result of the negligence of the defendant in the sale, distribution, manufacture and design of the said Ventilator and without any negligence on the part of the plaintiff contributing thereto.

10. That defendant was negligent in the design, manufacture, sale and distribution of the said Ventilator in that the said Ventilator was knowingly, carelessly, improperly and dangerously engineered, designed, manufactured and sold; in that the said Ventilator when used for its ordinary, intended and foreseeable purpose, constituted an inherently dangerous and unsafe instrumentality to every user thereof; in that defendant knew or should have known of the aforesaid defects and conditions, but nevertheless, failed to remedy the same; in failing to properly and safely inspect the same and in failing to take adequate precautions to prevent the occurrence of the accident to plaintiff herein; in failing to include a component to isolate the Ventilator from reverse air flow; and in otherwise being negligent.

11. That by reason of the foregoing, plaintiff JOHN MOYNIHAN sustained serious and permanent injuries; together with other personal injuries; was required to expend monies for medical care and attention; was unable to attend to his usual duties and activities for a protracted period of time and was otherwise injured.

12. That due to the foregoing, plaintiff JOHN MOYNIHAN has been damaged in a sum which is just, fair and compensable and exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF JOHN MOYNIHAN

13. That defendant knew that the said Ventilator would be used for its ordinary, intended and foreseeable use and purpose without inspection by individuals, and by placing the same upon the market and offering the same and making the same available for use as aforesaid, they did expressly and impliedly warrant and represent to all intended and foreseeable users that the said Ventilator was safe and would prevent the accident herein and that the said Ventilator was merchantable and reasonably safe and fit for its ordinary, intended and foreseeable use and purpose.

14. That contrary to their expressed or implied warranties and representations as aforesaid, the said Ventilator was unmerchantable, unfit and unsafe for its ordinary intended and foreseeable use and purpose and contained aforesaid latent, dangerous defects and conditions.

15. That the plaintiff was unaware of the said aforesaid dangerous defects and conditions and sustained his injuries while using the said Ventilator in its ordinary, intended and foreseeable use and purpose and as a direct result of the aforesaid dangerous defects and conditions, was injured as aforesaid.

16. That by reason of the aforesaid, plaintiff JOHN MOYNIHAN has been damaged in a sum which is just, fair and compensable and exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF JOHN MOYNIHAN

17. That the said Ventilator was defective as aforesaid, and those defects were substantial factors in bringing about the plaintiff's injuries, pain and suffering.

18. That at all the times herein mentioned, the plaintiff was using the Ventilator for the purposes and in the manner intended.

19. That plaintiff would not have and did not by the exercise of reasonable care, discover the defects of the said Ventilator and perceive their danger.

20. That the plaintiff by the exercise of reasonable care as aforesaid, could not have otherwise averted his injuries and damages under the circumstances then prevailing.

21. That by reason of the foregoing, defendants are liable to plaintiff under the doctrine of strict products liability.

22. That by reason of the aforesaid, plaintiff has been damaged in a sum which is just, fair and compensable and exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

23. That this action falls within one or more of the exceptions set forth in CPLR 1602.

WHEREFORE, plaintiff demands judgment against the defendant on the first cause of action in a sum which is just, fair and compensable and which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction; on the second cause of action in a sum which is just, fair and compensable and which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction; on the third cause of action in a sum which is just, fair and compensable and which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction; together with the costs and disbursements of this action.

BAUMAN, KUNKIS & OCASIO-DOUGLAS, P.C.

By: _____
ROGER M. KUNKIS, ESQ.
Attorneys for Plaintiff
225 West 34th Street
New York, New York  10122
(212) 564-3555

STATE OF NEW YORK    )
                     : SS.:
COUNTY OF NEW YORK   )

ROGER M. KUNKIS, being duly sworn, deposes and says:

That deponent is an attorney and a partner in the law firm of BAUMAN, KUNKIS & OCASIO-DOUGLAS, P.C., attorneys for plaintiff; that he has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to his own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters he believes it to be true; that the reason that this verification is made by your deponent instead of plaintiff is because plaintiff is not within the County of New York where your deponent's office is located.

Deponent further says that the grounds of his belief as to all matters in the said COMPLAINT are based upon deponent's general investigation of the facts herein.

_____
ROGER M. KUNKIS

Sworn to before me this
28th day of August, 2007

_____
Notary Public

John K. Coyle
Notary Public, State of N.Y.
NO 01CO5046090
Qualified In Queens County
Expires July 3 2011

7